U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 2 8 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| ORAL GUY MORGAN | CIVIL ACTION NO. 05-1591-A |
| VS. | SECTION P |
| WARDEN CHEVALIER, ET AL. | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a pleading purporting to be a civil rights complaint filed pursuant to 42 U.S.C. §1983 by *pro se* plaintiff Oral Guy Morgan. Morgan is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is presently incarcerated at the Federal Correctional Institution (FCI), Pollock, Louisiana.

This pleading was originally filed in the United States District Court for the Eastern District of Texas on January 20, 2004. It was assigned that court's docket number 5:04-cv-0015.[1]

---

[1] Morgan also filed a civil rights complaint docketed as 5:04-cv-2 which challenged his detention in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and by the Warden of the Federal Corrections Institute (FCI), Texarkana, Texas; it also challenged the LDOC's placement of a "hold" on records relating to his detention.

He also filed a civil rights petition against these same defendants which was docketed as 5:04-cv-3.

On January 7, 2004 petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 and named as respondents the Warden and Chief Mailroom Clerk at FCI Texarkana. This suit was docketed as 5:04-cv-7.

Plaintiff named Wardens Chevalier and Scott, of the Rapides Parish, Louisiana Detention Center (RPDC) as his defendants. He claims that he was in "official detention" at RPDC from August 20, 2003 through October 2, 2003, and that the defendants "...will not ...issue Plaintiff the proper certified, authenticated, affixxed [sic] and sealed by Clerk of Court or whoever said Defendant(s) utilize to authenticate for such matters at their facility: Pursuant to Title 28 Section 1738." [Doc. 1-1, p. 2]

For relief he asks that "...the court permit his Motion issue and order an evidentiary hearing and allow plaintiff's application for *habeas corpus* issue in order to solve the matter..." [Doc. 1, p. 2]

**STATEMENT OF THE CASE**

The facts of this case are set forth in the Declaration of Richard Goodsell, the Inmate Systems Manager at FCI, Texarkana.

---

On March 2, 2004, all of the cases were consolidated and designated as habeas corpus suits. [Doc. 6] Thereafter, on February 22, 2005, United States Magistrate Judge Caroline M. Craven granted petitioner's in forma pauperis application. [Doc. 10]

On August 9, 2005,Magistrate Judge Craven signed an order severing the claims against the Louisiana defendants/respondents. The claims against the Director and Assistant Director of the LDOC were transferred to the United States District Court for the Middle District of Louisiana. The instant claims were transferred to this court since the Rapides Parish Detention Center is located within the geographical jurisdiction of the Alexandria Division of this court. [See Doc. 15]

2

This Declaration was submitted with an Answer filed on behalf of the federal defendants/respondents named in petitioner's §2241 *habeas* petition. [See Doc. 25-3]

Petitioner claims that he was discharged from the custody of the LDOC on or about August 20, 2003 and immediately taken into custody by the United States Marshal. He was detained on the Marshal's behalf at the RPDC from August 20 through October 2, 2003 when he was again taken into custody by the United States Marshal and delivered to his present place of confinement.

He claims that he must have some "authenticated, certified" evidence signed by Defendants Chevalier and Scott in order to get the FCI records officer to credit him for the 42 days he was in "official detention" by the Marshal. He claims that Chevalier and Scott are obligated under the provisions of 28 U.S.C. §1738 to provide such evidence to him.[2]

## LAW AND ANALYSIS

1. *Habeas Corpus*

Title 28 U.S.C. §2243 provides in part, "A court ... entertaining an application for a writ of habeas corpus shall

---

[2] Petitioner claims that he was released from the custody of the Louisiana authorities on August 20, 2003; the federal defendants have elsewhere contended that he was released from Louisiana custody on August 23, 2003. The undersigned does not read the petition/complaint to complain about this three day discrepancy. Rather, as is shown hereinafter, petitioner claims that he has not been given credit for the time spent in Federal custody at the RPDC.

3

forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto. The writ ... shall be directed to the person having custody of the person detained..." To the extent that this habeas challenges petitioner's present physical confinement, the proper respondent is the warden of the facility where petitioner is being detained. Rumsfeld v. Padilla, — U.S. — , 124 S.Ct. 2711, 2718 (2004).

The defendants do not presently exercise any custody or control over the petitioner. Therefore, based upon the facts alleged, petitioner has failed to state a claim for which relief may be granted against defendants Chevalier and Scott.

Petitioner also claims that he is entitled to relief pursuant to 28 U.S.C. § 1738. That statute provides for the authentication of the Acts of the legislatures of any State, Territory, or Possession of the United States and for the authentication of the records and judicial proceedings of any court of such State, Territory, or Possession. Neither Chevalier nor Scott may "authenticate" the records of the RPDC pursuant to this statute.

Finally, it is clear that petitioner merely seeks evidence for use in the *habeas corpus* proceeding which remains pending in the United States District Court for the Eastern District of

Texas. Petitioner says that he needs Chevalier and Scott to certify that he was in their custody on behalf of the United States Marshals Service from August through October, 2003.

That fact has already been admitted through the Declaration of Richard Goodsell which has already been filed into the record in petitioner's pending habeas proceeding. [See Doc. 25-3 at ¶¶8 and 9, "Mr. Morgan was subsequently paroled from his Louisiana State conviction and released on August 23, 2003. <u>Mr. Morgan was released from his Louisiana State sentence to federal detainer on August 23, 2003... At the time of Mr. Morgan's release from Louisiana State authorities to federal authorities, he began service of his current Sixty month federal sentence</u> for Supervised Release Violation..." (Emphasis Supplied)]

Further, that fact has been established as true by the Magistrate Judge who authored her Report and Recommendation on September 12, 2005. [See <u>Oral Guy Morgan v. Warden David Justice</u>, et al, Civil Action No. 5:04-cv-7 (United States District Court, Eastern District of Texas, Texarkana Division) at Doc. 28 p. 4, "Petitioner's federal sentence commenced on August 23, 2003, the date he was released to federal authorities."]

In short, petitioner has failed to state a claim for which relief may be granted and this action should be dismissed on that basis.

## 2. Civil Rights

Petitioner originally characterized this action as one arising under the provisions of 42 U.S.C. §1983. As shown above, he was permitted to litigate his claim *in forma pauperis*.

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); see, Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A

6

district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d at 97.

Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated above, that he has failed to state a claim for which relief may be granted. He has not even alleged, much less shown, that the defendants (Chevalier and Scott) violated any right guaranteed to him under the Constitution or laws of the United States.

Therefore, to the extent that petitioner's claims may be said to have arisen under §1983, it is recommended that they be

dismissed as frivolous.

Accordingly,

**IT IS RECOMMENDED** that this petition, to the extent that it has been construed as a petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** since it plainly appears from the face of the petition that the petitioner is not entitled to relief.

In the alternative, and, to the extent that this petition be considered a civil rights complaint filed pursuant to the provisions of 42 U.S.C. §1983,

**IT IS RECOMMENDED** that the complaint be **DISMISSED WITH PREJUDICE AS FRIVOLOUS** pursuant to the provisions of 28 U.S.C. §1915(e)(2).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE